Hon. Iain D. Johnston
U.S. District Judge

**FILED**
SEP 08 2021
JUDGE IAIN D. JOHNSTON
UNITED STATES DISTRICT COURT

Aug. 21, 2021

RE: <u>Demetrius Hill v. Ciolli, 20CV-50281</u>
<u>EXPEDITED HEARING ON FACTS</u>

Dear Judge Johnston

I have enclosed a "statement of disputed factual issues," in hopes of providing clarity for the issues in the Habeas petition. And to explain that based on the "<u>340 days</u>" confiscated Good Conduct Time, if Restored I am entitled to <u>IMMEDIATE</u> release. And there is <u>no question</u> my GCT was "<u>taken</u>" w/out any Due Process hearing, contrary to Supreme Court precedent. I urge the Court to hold a expedited hearing b/c respondent <u>intentionally</u> misconstrue the issues, have <u>taken</u> my <u>legal</u> materials, and if the Court allows they will hold me unlawfully for an additional 10 Months! Plz take the time to examine the fact and exhibits I've attached, and plz expedite this case. Thank u —

In Struggle
Demetrius Hill
68233-053

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

DEMETRIUS HILL, PRO SE,
        PETITIONER,

v.

Andrew Ciolli, Warden,
        Respondent.

STATEMENT of
DISPUTED FACTUAL
ISSUES
20-CV-50281

DEMETRIUS HILL, Pro Se, files this STATEMENT of DISPUTED FACTUAL ISSUES b/c Petitioner is deprived of His legal materials and HIS RELEASE date has been passed by, he'd like the Court to have clarity of the ISSUES:

1. Petitioner received <u>No Due Process hearing</u> prior to the confiscation of <u>138 days</u> for allegedly being on GED unsatisfactory.

2. Petitioner fit the <u>240 hour</u> exemption <u>and</u> the functional <u>literacy</u> by having a <u>12.9</u> in three subjects or a <u>"Combination thereof"</u>.

3. Petitioners release date of July 11, 2022, if restored with 138 days would make his date Feb 21, 2021 on or about.

4. Based on respondents exhibit re-attached hereto, Petitioner received 1581 Total Jail Credit from 2002 2-13-2002 to 6-13-2006 Date Computation Begins. 54 days for those years e.g. 2002 to 2006 equals "162" Good Conduct Time (GCT) Days. These years were VESTED and CREDITED on 6-13-2006 the date of Petitioners sentencing by BoP's own records and pursuant to statute (see resp. ex. re-attached) 18 USC 3585 (a):

> "Commencment of Sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to or arrives voluntarily to commence service at the official detention facility at which the sentence is to be served."

P.S. 5880.28 quotes this statute.

2

4. The BoP applied 54 days GCT for each of those years 2002 to 2006, as it does for _all_ prisoners. EX. A

5. Once Petitioner received this GCT it was _VESTED_ and vested GCT can not be later withdrawn again see respondents exhibit re-attached hereto, where it states:

"Such credit toward service of sentence _VESTS_ at the time it is _RECEIVED_. Credit that has been _VESTED_ _may not_ later be _withdrawn_,,,"

Once the BoP credited Petitioner with the _54 days_ for those years which it clearly did - b/c they claim to forfeit those days see, exhibit **A**.

6. Moreover based on the same exhibit "_54 days_" was credited for year _2-13-2002_ to _2-12-2003_ and again this vested time could only have been given _6-13-2006_ per same exhibit.

3

7. Based on 138 plus 162 equals **340** days,,, 340 days backward from Petitioner release date of <u>July 11, 2022</u> would make his Release date "<u>August 1, 2021</u>" on or about.

Petitioner urges the Court to provide justice in this case, where some unknown BOP staffer logged Petitioner as GED unsatisfactory and DSCC simply took his GCT! No Due Process hearing and Petitioner only found out b/c his Release date was changed. And it must be <u>noted</u> his sentence was 6-13-2006 and the <u>second</u> sentence <u>March 17, 2015</u>, this in no way allows them to take vested good time on the original sentence imposed 9 years prior...

Dated: August 21, 2021

In Struggle
Demetrius Hill
DEMETRIUS HILL
68133-053

4/

```
DSCGN   542*22  *          SENTENCE MONITORING              *    03-15-2021
PAGE 001 OF 001 *             GOOD TIME DATA                *    10:23:29
                            AS OF   03-15-2021
```

EX. A

```
REGNO...: 68133-053    NAME: HILL, DEMETRIUS
ARS 1...: TOM A-DES                              PLRA
COMPUTATION NUMBER..: 020                    PRT    ACT DT:
LAST UPDATED: DATE.: 12-11-2020          FACL..: DSC      CALC: AUTOMATIC
UNIT................: F-UNIT             QUARTERS...........: F03-041L
→ DATE COMP BEGINS....: 06-13-2006        COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 1581                TOTAL INOP TIME....: 0
CURRENT REL DT......: 09-26-2022 MON     EXPIRES FULL TERM DT: 12-13-2022
PROJ SATISFACT DT...: 07-11-2022 MON     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:
GED PART STATUS.....: 01-25-2018 GED UNSAT DEPORT ORDER DATED..: 0000000000
```

---------------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

```
   START       STOP      MAX POSSIBLE TO    ACTUAL TOTALS   VESTED    VESTED
   DATE        DATE      DIS      FFT       DIS     FFT     AMOUNT    DATE
 - 02-13-2002  02-12-2003  54 → 54    GCT VESTED retroactively b/c Sentence NOT computed till 2006.
 - 02-13-2003  02-12-2004  54 → 68        → 40
 - 02-13-2004  02-12-2005  54 → 68        → 67
 - 02-13-2005  02-12-2006  54 → 68        → 240
   02-13-2006  02-12-2007  54    68        176      41
   02-13-2007  02-12-2008  54    27        164
   02-13-2008  02-12-2009  54    27        162       7
   02-13-2009  02-12-2010  54    20        686
   02-13-2010  02-12-2011  54    20        663
   02-13-2011  02-12-2012  54    20         54      18
   02-13-2012  02-12-2013  54    29         27
   02-13-2013  02-12-2014  54    29        217
   02-13-2014  02-12-2015  54    42         41
   02-13-2015  02-12-2016  54    42        109
   02-13-2016  02-12-2017  54    69         27
   02-13-2017  02-12-2018  42    69         81      21
   02-13-2018  02-12-2019  42    48         63
   02-13-2019  02-12-2020  42    63         27
   02-13-2020  02-12-2021  42    78         27
   02-13-2021  02-12-2022  42
   02-13-2022  12-13-2022  35

   TOTAL EARNED AMOUNT..............................................:   78
   TOTAL EARNED AND PROJECTED AMOUNT................................:  155
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

EX B.

P.S. 5880.28
February 21, 1992
Page 1 - 40

   g. **Good Conduct Time.** Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Such credit toward service of sentence vests at the time it is received. Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

   For computation purposes, it is necessary to remember the following about subsection 3624(b):

   (1) 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

*Ex.C*

P.S. 5880.28
Page 1 - 12
CN-02, July 29 1994

**b. Commencement (Beginning Date) of Sentence.** 18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, "(a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently. If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.

The Bureau of Prisons calculates any part of a day in custody serving sentence as a **full day** served on the sentence (See Chapter I, paragraph 3.d., third subparagraph) and any part of a day in official detention as a **full day** for prior custody time credit purposes (See Chapter I, paragraph 3.c.(1)). In those cases, however, when the court imposes a sentence for a term of hours, the exact number of hours imposed must be served, regardless of whether the sentence is for more or less than 24